IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiffs, vs. CHRISTINE L. PARRY, and ALEXANDRA CHRISTINE GOERING, Defendants. | 4:23CR3101 ORDER |

This matter comes before the Court on Defendants' motion to dismiss the indictment against them. Filing No. 32. Defendants argue the statute under which they are charged is unconstitutionally vague. For the reasons set forth herein, the Court denies the motion to dismiss.

## I.  BACKGROUND

Defendants, Christine L. Parry and Alexandra Christine Goering, are charged with trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a)(1). That statute criminalizes "traffic[king] in goods or services and knowingly us[ing] a counterfeit mark on or in connection with such goods or services." 18 U.S.C. § 2320(a)(1). The United States claims Parry and Goering purchased counterfeit merchandise bearing marks identical to or substantially indistinguishable from those of Louis Vuitton, Birkenstock, Chanel, and Ray-Ban and resold the goods. Filing No. 43 at 2; Filing No. 41-2; Filing No. 41-3.

## II.  ANALYSIS

Parry and Goering move to dismiss the criminal indictment, alleging it is unconstitutionally void for vagueness as applied to them. They argue, "The United States has been so lax in enforcing 18 U.S.C. § 2320(a)(1), that members of the public, including

1

Defendants[,] did not receive fair notice that their conduct was forbidden." Filing No. 32 at 6.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. One "essential" feature of the Fifth Amendment's due-process guarantee is "[t]he prohibition of vagueness in criminal statutes." Sessions v. Dimaya, 584 U.S. 148, 155 (2018). "A statute is void for vagueness if it: (1) 'fails to provide a person of ordinary intelligence fair notice of what is prohibited,' or (2) 'is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" United States v. Frison, 825 F.3d 437, 442 (8th Cir. 2016) (quoting United States v. Cook, 782 F.3d 983, 987 (8th Cir. 2015)).

There are two types of challenges under the void-for-vagueness doctrine: a facial challenge and an as-applied challenge. Defendants bring the latter, arguing the statute prohibiting trafficking in counterfeit goods is unconstitutionally vague as applied to them, not that it is invalid on its face. Filing No. 32 at 1. They further argue that the Court should defer ruling on their as-applied challenge until trial, citing United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016). Filing No. 32 at 7. But Turner does not stand for the proposition that an as-applied vagueness challenge must always await a trial on the merits. Rather, in that case, the Eighth Circuit recognized that Federal Rule of Criminal Procedure 12 permits a party to raise a defense by pretrial motion, and the Court should resolve such a motion before trial "unless there is 'good cause to defer a ruling.'" Turner, 842 F.3d at 605 (citing Fed. R. Crim. P. 12(d)). In Turner, the Court concluded such cause existed because resolving Turner's as-applied vagueness challenge to the statute prohibiting possession of a firearm by an unlawful drug user required a factual determination of the regularity of his drug use. Id. Because disposing of the motion required making a factual determination

regarding drug use that fell "within the province of the ultimate fact finder," the district court should have deferred ruling on the motion to dismiss until trial. *Id.* at 605–06.

In contrast, Parry and Goering's motion does not require the Court to make factual determinations that will ultimately fall within the jury's province. In fact, their motion does not focus on the facts of their conduct at all, but rather on the conduct of others. They argue that others who traffic in counterfeit goods are not arrested or prosecuted, and this creates arbitrary enforcement which renders the statute unconstitutionally vague. Filing No. 32 at 2.

Even assuming this is true—the United States points out that Parry and Goering do not provide support for their contention that other violators are never prosecuted—this would not render the statute void under the vagueness doctrine. It is not the potentially arbitrary enforcement of a statute by police or prosecutors alone that renders a statute vague; what matters is if the statute itself is "so standardless that it *authorizes or encourages* seriously discriminatory enforcement." *Frison*, 825 F.3d at 442 (emphasis added). Parry and Goering make no argument that the statute itself was standardless or somehow caused law enforcement or prosecutors to enforce it in an arbitrary way, and every circuit court to examine § 2320 has found the statutory language clear. *See, e.g., United States v. Chong Lam*, 677 F.3d 190, 202 (4th Cir. 2012) (finding section 2320's definition of "counterfeit mark" does not render the statute unconstitutional vague); *United States v. McEvoy*, 820 F.2d 1170, 1172–73 (11th Cir.1987) (holding that § 2320, as a whole, is not unconstitutionally vague); *United States v. Bohai Trading Co.*, 45 F.3d 577, 580–81 (1st Cir.1995) (determining that the phrase "at the time of the manufacture or production," as used in the authorized-use exception to § 2320, is not unconstitutionally vague); *United States v. Gantos*, 817 F.2d 41, 43 (8th Cir. 1987) (finding "[t]he required mental state is plainly set out" in § 2320). Rather, Parry and Goering's argument is that law enforcement and prosecutors usually do not target

counterfeit traffickers but have chosen to pursue Parry and Goering in this instance, and such selectivity is unfair.[1]

Parry and Goering's argument that 18 U.S.C. § 2320 fails to provide them fair notice of what is prohibited is also without merit. Again, they make no argument about the language or content of the statute itself. Rather, their argument is that the lack of prosecutions under the statute lead them to believe they too could get away with violating it. Apart from the well-worn maxim that "ignorance of the law is no defense to a criminal charge," *United States v. Baez*, 983 F.3d 1029, 1042 (8th Cir. 2020), Defendants' argument about a lack of criminal prosecutions against others has no bearing on the statute's vagueness as applied to them.

Accordingly, Defendants' argument that 18 U.S.C. § 2320 is unconstitutionally vague and therefore void is without merit.

IT IS ORDERED:

1) Defendants' motion to dismiss criminal case, Filing No. 32, is denied.

2) The parties are ordered to contact the magistrate judge's chambers to reschedule the previously canceled telephonic conference.

Dated this 1st day of April, 2024.

                                          BY THE COURT:

                                          s/ Joseph F. Bataillon
                                          Senior United States District Judge

---

[1] Defendants do not raise, and the Court therefore need not address, a selective-prosecution claim. Such a claim "requires a defendant to show that: '(1) people similarly situated to [her] were not prosecuted; and (2) the decision to prosecute was motivated by a discriminatory purpose.'" *United States v. Peterson*, 652 F.3d 979, 981 (8th Cir. 2011) (quoting *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004)).